UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH SPILLANE<br>    Plaintiff<br><br>v.<br><br>AMERICAN HOME MORTGAGE<br>SERVICING, INC.<br>    Defendant | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED<br><br><br>JULY 9, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer whose rights were violated by the named defendant in the course of servicing her residential mortgage loan. This action is for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and for pendent Connecticut law violations of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

### II. PARTIES

2. Plaintiff, Deborah Spillane, is a consumer residing in Simsbury, Connecticut.

3. Defendant, American Home Mortgage Servicing, Inc. ("AHMSI"), is a Delaware corporation located in New York, New York and Texas and is in the business of servicing residential mortgage loans.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 12 U.S.C. § 2614, 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over the defendant because it conducts business within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. On or around March 18, 2005, Plaintiff, through her counsel, timely sent a rescission letter to Ameriquest Mortgage Company ("AMC"), the originator of Plaintiff's mortgage.

8. On or around August 1, 2007, Plaintiff filed a lawsuit against AMC to enforce the rescission.

9. On or around September 14, 2007, Citi Residential Lending, Inc. ("Citi") began servicing the Plaintiff's mortgage.

10. In May of 2009, Plaintiff filed a lawsuit against Citi for alleged collection violations related to its servicing of Plaintiff's mortgage; in that suit, Plaintiff alleged that Citi continually failed to properly apply payments made by Plaintiff under the mortgage note and misrepresented the amount and character of the debt owed by Plaintiff under the mortgage note.

11. On or around February 11, 2009, AHMSI began servicing Plaintiff's mortgage; like Citi, it too misrepresented the amount and character of the debt owed by Plaintiff under the mortgage note.

2

12. Since the time it retained the servicing rights to Plaintiff's mortgage, AHMSI failed to make the necessary corrections to Plaintiff's mortgage account, and it failed to properly credit payments Plaintiff had made on her mortgage account; additionally, it began improperly placing Plaintiff's payments into an unauthorized escrow account.

13. Plaintiff sent AHMSI a letter or around February 27, 2009 and again on or around March 26, 2009, in an attempt to inform AHMSI of its errors concerning the crediting of her payments, the principal balance, and escrow; notwithstanding these letters, AHMSI failed to make the necessary corrections to Plaintiff's account.

14. On or around May 29, 2009, AHMSI sent Plaintiff a letter stating that her mortgage loan was due and owing for March 2009 and subsequent payments; in reality, Plaintiff had already sent payments to AHMSI to pay her mortgage through July 2009, but AHSMI had failed to properly apply those payments to Plaintiff's mortgage account.

15. AHMSI's May 29, 2009 letter also incorrectly stated that Plaintiff at that time had an unpaid principal balance of $176,574.94.

16. On or around June 19, 2009, Plaintiff sent AHMSI another letter; this letter included a detailed schedule of her payments attached in order to demonstrate how she was paid on her mortgage through July 2009 and how AHMSI had failed to properly credit her payments; notwithstanding, AHMSI failed to correct its errors.

17. On June 26, 2009, Plaintiff's attorney sent AHMSI's attorney by email attachment a qualified written request letter pursuant to RESPA; that letter included an attachment describing the alleged servicing errors in Plaintiff's account, and it requested that AHMSI provide Plaintiff with an accounting breakdown of her account (including a payment history) and additional information regarding the status of her account.

18. On or around July 27, 2009, AHMSI's attorney sent a letter in response to Plaintiff's June 26, 2009 letter; that July 27, 2009 letter claimed that AHMSI was not required to comply with Plaintiff's qualified written request under RESPA and therefore no formal response was required by law.

19. On or around August 6, 2009, AHMSI sent Plaintiff directly a letter stating that it recently conducted an audit on Plaintiff's loan and determined it was non-escrowed; that letter also included enclosed a check in the amount of $1,790.63, which AHMSI alleged equaled the amount of funds that were placed in escrow in error.

20. On August 18, 2009, Plaintiff's attorney sent AHMSI's attorney by facsimile and by regular mail a second qualified written request letter pursuant to RESPA which included and requested the same information that was requested in the above-described correspondence sent to AHMSI's attorney on June 26, 2009.

21. On or around August 25, 2009, AHMSI's attorney sent Plaintiff's attorney a letter by email attachment; that letter stated that AHMSI had investigated the issues raised in Plaintiff's August 18, 2009 letter, and it claimed, in error, that Plaintiff was presently due and owing for her August 2009 payment; furthermore, AHMSI's reply failed to include a copy of the payment history Plaintiff had requested in her August 18th and June 26th qualified written request letters and was entitled to under RESPA.

22. On or around September 21, 2009, AHMSI's attorney sent Plaintiff's attorney a letter by email, which letter incorrectly represented that Plaintiff's September 2009 mortgage payment was due and owing; AHMSI's September 21st letter also included an accounting statement which mischaracterized Plaintiff's payment history.

## IV. CLAIMS

## COUNT ONE
## VIOLATION OF RESPA

23. Plaintiff incorporates Paragraphs 1-22.

24. Plaintiff's mortgage loan described above is a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1) of RESPA.

25. AHMSI is a servicer as defined by 12 U.S.C. § 2605(i)(2), (3) of RESPA.

26. AHMSI violated 12 U.S.C. § 2605(e) of RESPA by its failure to appropriately respond to Plaintiff's written requests and take the necessary corrective actions in response to Plaintiff's written requests.

27. AHMSI's actions as described above represent a pattern and practice of noncompliance, and AHMSI is liable to Plaintiff for her actual damages, statutory damages, and attorney's fees and costs pursuant to 12 U.S.C. § 2605(f).

## COUNT TWO
## VIOLATION OF CCPA

28. Plaintiff incorporates Paragraphs 1-22.

29. AHMSI violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 and regulations promulgated thereunder by the Connecticut Department of Banking, as follows:

   a. AHMSI violated Conn. Agencies Reg., § 36a-647-6(2)(A) by misrepresenting the amount and character of the debt owed by Plaintiff under the mortgage note;

   b. AHMSI violated Conn. Agencies Reg., § 36a-647-4(a)(2) by continuing to contact Plaintiff directly when it knew or had reason to know Plaintiff was represented by an attorney;

    c. AHMSI violated Conn. Agencies Reg., § 36a-647-5 by engaging in conduct as described above, the natural consequence of which was to harass or abuse the plaintiff; and

    d. AHMSI violated Conn. Agencies Reg., § 36a-647-6 by using deceptive practices as described above.

30. For AHMSI's unfair acts, Plaintiff seeks her damages, statutory damages, and attorney's fees and costs pursuant to the Public Act No. 07-176.

## COUNT THREE
## VIOLATION OF CUTPA

31. Plaintiff incorporates Paragraphs 1-22.

32. AHMSI has engaged in unfair and deceptive acts in violation of Conn. Gen. Stat. § 42-110a *et seq.*, CUTPA.

33. Plaintiff suffered an ascertainable loss as a result of AHMSI's unfair and deceptive acts.

34. AHMSI is liable to Plaintiff for her actual damages, punitive damages, costs, plus a reasonable attorney's fee.

6

WHEREFORE, the Plaintiff claims damages in an amount greater than $15,000; Actual damages, statutory damages, and attorney's fees and costs pursuant to 12 U.S.C. § 2605(f); actual damages, statutory damages of up to $1,000, and attorney's fees and costs pursuant to Public Act No. 07-176; actual damages, attorney's fees, costs, and punitive damages pursuant to C.G.S. § 42-110g; and such other relief as may apply at law or at equity.

PLAINTIFF, DEBORAH SPILLANE

By: *[signature]*

Daniel S. Blinn, Esq.
Matthew W. Graeber, Esq.
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067-9997
Tel (860) 571-0408
Fax (860) 571-7457
Juris No. 414047